IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 01-60223

DORIS COLE, on behalf of James E Cole, Deceased,

Plaintiff-Appellant,

versus

JO ANNE B BARNHART, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

Appeal from the United States District Court
For the Northern District of Mississippi
4:99-CV-171-B-A

March 7, 2002

Before HIGGINBOTHAM, DeMOSS and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Doris Cole, on behalf of her deceased husband James E. Cole, seeks judicial review under 42 U.S.C. § 405(g) of the Commissioner's partially favorable decision on her husband's application for supplemental security income and disability insurance benefits. The district court adopted the report and recommendation of the magistrate judge, reversing the Commissioner's August 27, 1996 decision and remanding to the

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Commissioner for further consideration of whether Mr. Cole's work from September 1992 to December 1992 qualifies as an unsuccessful work attempt that would alter Mr. Cole's disability onset date. Mrs. Cole argues that the district court erred in, *inter alia*, failing to consider her objection to the magistrate judge's failure to address whether the Appeals Council erroneously affirmed the ALJ's decision to reopen and withdraw the ALJ's April 1992 decision after receiving evidence that Mr. Cole had returned to work at the substantial-gainful-activity level.

Social security regulations allow a decision to be reopened for good cause if done within two years of the initial determination on an SSI application and within four years of the initial determination on a DIB application.[1] We have jurisdiction to consider whether there is error in such a decision to reopen for good cause under 20 C.F.R. §§ 404.989(a) and 416.1489(a) when the reopening and withdrawal of the ALJ's April 1992 decision led to the ALJ's August 27, 1996 partially unfavorable decision under review in the instant 42 U.S.C. § 405(g) action.[2]

When, as here, the Appeals Council modified the decision of the ALJ to reopen in the Appeals Council's June 9, 1995 order

---

[1] *Cieutat v. Bowen*, 824 F.2d 348, 353 n.5 (5th Cir. 1987); 20 C.F.R. § 404.988(b); 20 C.F.R. § 416.1488(b). Here, the initial determinations were made on October 18, 1990, and the ALJ's decision to reopen was issued August 14, 1992.

[2] *See Cieutat*, 824 F.2d at 358 n.15.

2

vacating the ALJ's May 9, 1994 hearing decision and remanding for further proceedings, it is the decision of the Appeals Council and the reasons it offers for reopening which control our review.[3] It is well-established that we may only affirm the Commissioner's decision on the grounds which he stated for doing so.[4] Here, the ALJ apparently based his decision to reopen on "[n]ew and material evidence ... furnished" after he issued his April 1992 favorable decision.[5] However, while the Appeals Council "concur[red] with the [ALJ's] action to reopen the award of benefits," the Appeals Council rejected this "new and material evidence" ground for doing so by stating that it "agree[d] with the representative that the information regarding the claimant's work activity was available to the [ALJ] at the time he issued the April 1992 favorable decision." However, the Appeals Council observed that "this fact alone does not bar application of the reopening provisions of 20 CFR 404.988(a)(3) [sic] and 416.1489(a)(3)." 20 C.F.R. §§

---

[3] *See Dominick v. Bowen*, 861 F.2d 1330, 1332 (5th Cir. 1988); *Lawler v. Heckler*, 761 F.2d 195, 197, 198 n.1 (5th Cir. 1985); *Carry v. Heckler*, 750 F.2d 479, 482-84 (5th Cir. 1985); *see also Duthu v. Sullivan*, 886 F.2d 97, 98-99 (5th Cir. 1989); *Ellis v. Bowen*, 820 F.2d 682, 683-84 (5th Cir. 1987); *cf. Cieutat*, 824 F.2d at 352-54.

[4] *See Trencor, Inc. v. NLRB*, 110 F.3d 268, 272 & n.5 (5th Cir. 1997); *NLRB v. Brookshire Grocery Co.*, 919 F.2d 359, 367 n.9 (5th Cir. 1990); *Chem. Mfrs. Ass'n v. EPA*, 899 F.2d 344, 359 (5th Cir. 1990); *Am. Petroleum Inst. v. EPA*, 787 F.2d 965, 976 (5th Cir. 1986); *Tex. Power & Light Co. v. FCC*, 784 F.2d 1265, 1269-70 (5th Cir. 1986).

[5] 20 C.F.R. § 404.989(a)(1); *id.* § 416.1489(a)(1).

404.989(a)(3) and 416.1489(a)(3) provide that good cause for reopening will be found if "[t]he evidence that was considered in making the determination or decision clearly shows on its face that an error was made." Contrary to the Commissioner's claim on appeal, an error of this sort cannot be shown through the work activity report completed by Mr. Cole on May 18, 1992, after the ALJ issued his April 1992 favorable decision, since this report "was [not] considered in making the ... decision."[6]

The Appeals Council, however, "conclude[d] that a failure to consider pertinent evidence can be the basis for finding good cause" to reopen under the regulations and that, "[b]ecause the claimant engaged in substantial gainful activity after the waiting period but before the lapse of the 12-month period after the onset of disability, and before the decision to award benefits," the ALJ properly "reopen[ed] the award of benefits under the provisions of Social Security Ruling 82-52."[7] In deciding whether the Commissioner is correct in interpreting the provision finding good

---

[6]  *Id.* § 404.989(a)(3); *id.* § 416.1489(a)(3).

[7]  The Appeals Council also noted:

> Under Social Security Ruling 82-52, when an individual returns to work before the award of benefits and prior to the lapse of the 12-month period after onset, the claim must be denied. The claimant's work activity beginning June 1991 continued uninterrupted through June 1992 at earnings levels representing substantial gainful activity (Exhibit 46); therefore, this work activity may not be disregarded as an unsuccessful work attempt.

4

cause where an error clearly shown on the face of "[t]he evidence that was considered in making the determination or decision" includes "a failure to consider pertinent evidence," we note that "we are not free to set aside the [Commissioner's] interpretation simply because we may have interpreted the regulations differently as an original matter" but rather "[w]e must accept the [Commissioner's] interpretation unless that interpretation is plainly inconsistent with the language of the regulations."[8] The majority of courts of appeals that have considered the issue have also decided that "error" clearly shown on the face of the evidence considered in making the decision may be legal or factual.[9]

Even assuming the Commissioner's interpretation of 20 C.F.R. §§ 404.989(a)(3) and 416.1489(a)(3) is correct,[10] we review *de novo* the conclusion that good cause exists for reopening.[11] Here, the Appeals Council erred in determining that error in the April 1992 decision was shown on the face of evidence not considered based on

---

[8]  *Cieutat*, 824 F.2d at 352 (footnote omitted); *see also id.* at 356 n.13.

[9]  *See Mines v. Sullivan*, 981 F.2d 1068, 1069 (9th Cir. 1992) (citing cases).

[10]  This is far from certain. This interpretation that good cause may be found under 20 C.F.R. §§ 404.989(a)(3) and 416.1489(a)(3) through "a *failure to consider* pertinent evidence" may be plainly inconsistent with the language of these regulations providing for good cause where "[t]he evidence *that was considered* in making the determination or decision clearly shows on its face that an error was made."

[11]  *See Cieutat*, 824 F.2d at 357-58.

Social Security Ruling 82-52.  The continuing validity of this ruling is at issue in a case pending decision before the Supreme Court.[12]  However, under Fifth Circuit law, "the twelve-month durational requirement for disability could be met in severe mental illness cases even though a claimant is able to work sporadically at a series of jobs," so long as "a claimant has presented medical evidence which 'indicates that his mental condition is a long-term problem and not just a temporary set-back.'"[13]  Thus, "a claimant whose claim is based on a mental condition does not have to show a 12 month period of impairment unmarred by any symptom-free interval."[14]  Additionally, "the Secretary must consider whether an applicant with a serious mental illness remains able to engage in substantial gainful activity when, although he is capable of performing work, he cannot maintain regular employment," *i.e.*, "whether the claimant can *hold* whatever job he finds for a significant period of time."[15]

---

[12]  *See Walton v. Apfel*, 235 F.3d 184 (4th Cir. 2000), *cert. granted sub nom.*, *Massanari v. Walton*, 122 S. Ct. 24 (2001).  Oral argument was heard by the Court on January 16, 2002.  This circuit has never specifically considered the effect or validity of Ruling 82-52.

[13]  *Leidler v. Sullivan*, 885 F.2d 291, 292 (5th Cir. 1989) (quoting *Singletary v. Bowen*, 798 F.2d 818, 822 (5th Cir. 1986)).

[14]  *Singletary*, 798 F.2d at 821.

[15]  *Leidler*, 885 F.2d at 292-93.

In the April 1992 decision, the ALJ determined that Mr. Cole had been disabled since November 1, 1990, a year after his alleged onset date, because his chronic depression met the severity requirements of the listing for affective disorders. Although Mr. Cole testified at the August 1991 hearing that he had returned to work as a truck driver about two months earlier in June 1991, the ALJ determined that Mr. Cole had not engaged in substantial gainful activity since November 1, 1990.

Under *Singletary* and its progeny, there is no error in the April 1992 favorable decision clearly shown on the face of the evidence that Mr. Cole had returned to work as a truck driver about two months earlier in June 1991. Even if the ALJ had considered this evidence, such employment activity would not prevent a determination that Mr. Cole was disabled by his mental condition beginning November 1, 1990. Under this circuit's precedent, Mr. Cole's testimony did not establish that he failed to meet the twelve-month durational requirement for disability or that he was capable of maintaining regular employment. Although the fact that the claimant engaged in substantial gainful activity after the waiting period but before the lapse of the 12-month period after the onset of disability and before the decision to award benefits would make the award of benefits erroneous under Ruling 82-52, the April 1992 favorable decision is not erroneous on the face of this evidence under this circuit's well-settled precedent.

Accordingly, because the ALJ's decision to reopen and withdraw its April 1992 decision cannot be upheld on the basis on which it was affirmed by the Appeals Council, we conclude that the decision to reopen and withdraw the ALJ's April 1992 decision was in error. The district court's judgment is reversed and the case is remanded with instructions to vacate the Commissioner's decision and remand to the Social Security Administration for reinstatement of the ALJ's April 1992 favorable decision.