# In the

# United States Court of Appeals
## For the Seventh Circuit

———————

No. 02-4297

MICHAEL D. WYATT,

*Plaintiff-Appellant*,

v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

*Defendant-Appellee.*

———————

Appeal from the United States District Court
for the Southern District of Illinois.
No. 00-cv-4260-JPG—**J. Phil Gilbert**, *Judge.*

———————

ARGUED JULY 8, 2003—NOVEMBER 18, 2003

———————

Before KANNE, ROVNER, and WILLIAMS, *Circuit Judges.*

ROVNER, *Circuit Judge.* Michael Wyatt contends that the favorable decision in his disability benefits case was improperly reopened, leading to a revised decision that denied him benefits. Because the ALJ's decision to reopen the case is unsupported, we remand the case to the Social Security Administration for reinstatement of the original favorable decision.

Wyatt's case has a complex procedural history, beginning with the initial denial of his application for disability insurance benefits and supplemental security income in June

1992. A hearing was held at Wyatt's request in July 1993, and three months later the ALJ issued a decision finding Wyatt disabled due to chronic pain syndrome and degenerative disc disease. More than a year later, in November 1994, the ALJ notified Wyatt by letter that he had decided to reopen his case. The ALJ then held a second hearing and issued a revised decision, this time holding that Wyatt was *not* disabled and denying him benefits. That decision was later vacated and remanded by the Appeals Council, but on remand the ALJ again found Wyatt not disabled, and the Appeals Council denied review. The district court affirmed the ALJ's final decision, and Wyatt appeals.

Because Wyatt argues only that his case was improperly reopened, our review is limited: we need not decide the propriety of the ALJ's final disability determination, only whether the earlier decision to reopen Wyatt's case was proper. The discretion to reopen a case lies solely with the ALJ, and so we can affirm the decision to reopen only on the basis of the ALJ's stated reasons. *See Amax Coal Co. v. Franklin*, 957 F.2d 355, 356-58 (7th Cir. 1992) (where ALJ's stated basis for reopening black lung benefits case was unfounded, decision could not be affirmed even though evidence ALJ cited might have justified reopening on another ground); *accord Cole ex rel. Cole v. Barnhart*, 288 F.3d 149, 151 (5th Cir. 2002) (court may affirm decision to reopen disability claim only on decisionmaker's stated grounds).

Our job would be easy if the ALJ's letter notifying Wyatt of the reopening cited the regulatory basis for the decision, but it does not. Instead it states only that the case is being reopened "[p]ursuant to 20 CFR 404.988 and 20 CFR 416.1488" [sic]. These references are unhelpful because the cited provisions list or cross-reference *all* of the more than twenty grounds on which SSI and DIB cases may be reopened. *See* 20 C.F.R. §§ 404.988 (listing eighteen grounds for reopening DIB determinations and cross-

referencing § 404.989), 404.989 (listing three grounds for reopening DIB determinations), 416.1488 (listing three grounds for reopening SSI determinations and cross-referencing § 416.1489), 416.1489 (listing three grounds for reopening SSI determinations). The letter thus falls far short of the statement of "specific rationale" for reopening a case that the agency's internal operating procedures require. *See* Social Security Administration Program Operations Manual System (POMS) § GN 04001.080 ("The mere mention on the form that reopening does or does not apply is not sufficient rationale."). Although there may have been good reason to reopen Wyatt's case, the ALJ's letter provides us with no plausible basis for affirming that decision.

The Commissioner does not defend the decision to reopen on the basis of any evidence that was before the ALJ when he issued the letter. Instead, the Commissioner argues that facts that later came to light demonstrate that Wyatt engaged in fraud or "similar fault" that, in hindsight, justifies the reopening of his case. *See* 20 C.F.R. §§ 404.988(c)(1) (permitting reopening of DIB claims at any time based on fraud or similar fault), 416.1488(c) (same with respect to SSI claims). Specifically, the Commissioner notes that Wyatt returned to work shortly after the July 1993 hearing where he testified that he was not working and that his impairments prevented him from doing so. Rather than immediately informing the Social Security Administration that he had begun working, Wyatt did so only upon learning, in early November 1993, that the ALJ had determined that he was eligible to receive benefits. But we could not affirm the decision to reopen on the basis of fraud or "similar fault"—even if it were the ground on which the ALJ actually relied—because there simply is no evidence that Wyatt did anything wrong. He neither lied to the ALJ nor attempted to simultaneously receive benefits and earn wages without the agency's knowledge. And although the Commissioner suggests that Wyatt can be

faulted for failing to inform the ALJ at the 1993 hearing that he was contemplating returning to work and for failing to immediately report having done so, the Commissioner points to no authority for these propositions. The Commissioner thus cannot establish that Wyatt's conduct amounts to "similar fault." *See, e.g., Barone v. Bowen*, 869 F.2d 49, 51 (2d Cir. 1989) (similar fault requires showing by preponderance of evidence that claimant knowingly did something wrong).

Moreover, the circumstances surrounding Wyatt's return to work could not have factored into the ALJ's decision to reopen the case at all because the work was irrelevant to disability under our decision in *McDonald v. Bowen*, which governed disability determinations for claimants within this circuit at the time Wyatt's case was reopened. *See McDonald v. Bowen*, 818 F.2d 559 (7th Cir. 1987), *overruled by Barnhart v. Walton*, 535 U.S. 212 (2002). In *McDonald*, we noted that although the Social Security Act generally defines "disability" as an *in*ability to work, it also provides that disabled claimants may return to work on a "trial" basis for up to nine months without losing their disability benefits. *See id.* at 562-63. *Compare* 42 U.S.C. §§ 423(d) & 1382c (defining "disability" as inability to engage in substantial gainful activity), *with* §§ 422(c) & 423(a) (permitting disabled claimants to return to work on "trial" basis while continuing to receive disability benefits). To insure that claimants who participated in "trial work" would not be penalized—that is, that the agency would not point to the claimant's trial work as evidence that he was indeed able to work, and thus was *not* disabled—we barred any consideration of trial work in disability determinations. *See McDonald*, 818 F.2d at 563-64 (trial work "is not in itself any evidence that [a claimant's] disability has ended"). Here, there is no dispute that the agency treated Wyatt's job as trial work: when Wyatt reported that he was working, an agency representative encouraged him to keep the job as

trial work, and the agency paid Wyatt disability benefits for nine months while he held the job. (Wyatt's impairments forced him to resign two months later.) The Commissioner observes that *McDonald*'s interpretation of the trial work provision no longer controls and that, under the current interpretation, Wyatt would not have been entitled to participate in trial work because he returned to work before receiving a formal determination of disability, *see Walton*, 535 U.S. at 212, but that is irrelevant. *McDonald* controlled at the time Wyatt's case was reopened, and the agency was bound to follow it. *See* 20 C.F.R. § 404.985; Social Security Acquiescence Ruling 88-3(7). Thus, the circumstances of Wyatt's return to work could not have affected either the determination of his disability or the decision to reopen that determination, whether under the theory that they demonstrate similar fault or any other theory. *Accord Cole*, 288 F.3d at 152-53 (claimant's return to work prior to disability determination did not make disability determination erroneous on the face of the evidence and thus did not permit reopening on that ground); *Salamalekis v. Comm'r of Soc. Sec.*, 221 F.3d 828, 832-33 (6th Cir. 2000) (fact that claimant returned to work while awaiting disability determination without notifying agency did not mean determination was rendered on incomplete evidence; work qualified as trial work and so could not be considered in disability determination at all); *Barone*, 869 F.2d at 49 (claimant's return to work while benefits claim was pending did not establish similar fault to justify reopening).

As we have observed before, "the grounds for reopening must be narrowly applied when the [agency] proceeds against a claimant. Because errors can cause considerable hardship, the regulations should be liberally applied in favor of beneficiaries." *Dugan v. Sullivan*, 957 F.2d 1384, 1389 (7th Cir. 1992). Here, the ALJ's stated reasons—as well as the alternative grounds the Commissioner pro-

poses—fail to satisfy those regulations. Accordingly, we REVERSE the judgment of the district court and REMAND the case to the Social Security Administration with instructions to reinstate the ALJ's original favorable decision granting Wyatt benefits. *See Cole*, **288 F.3d at 153.**

A true Copy:

　　　　Teste:

_____
*Clerk of the United States Court of
Appeals for the Seventh Circuit*