United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 9, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

)))))))))))))))))))))))))))
No. 05-30140
)))))))))))))))))))))))))))

MELODY SURGI,

              Plaintiff-Appellant,

    v.

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,

              Defendant-Appellee.

---

Appeal from the United States District Court
for the Eastern District of Louisiana

---

Before JOLLY, GARZA, and PRADO, Circuit Judges.

EDWARD C. PRADO, Circuit Judge:[*]

Melody Surgi seeks review of the administrative law judge's ("ALJ") denial of Disability Insurance Benefits ("DIB"). Ms. Surgi filed her application for DIB on August 14, 2002.

## I. Facts and Procedure

Ms. Surgi was 59 years old on July 22, 2003-the date of the administrative hearing-and she had completed three years of college. Ms. Surgi claims to have been disabled since March 30, 2002, due to neck, lower back, shoulder, and head pain, leg

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

cramping, and a "creeking [sic]" sensation in her neck.  At the administrative hearing, Ms. Surgi testified that she was involved in an accident at work.  In that accident, a ladder fell and struck her in the back of the head, neck and shoulder, knocking her onto a platter of food.

On September 16, 2003, after considering Ms. Surgi's background, work experience and medical history, the ALJ determined that Ms. Surgi retained the residual functional capacity to do a full range of light work.  A vocational expert testified that Ms. Surgi's past relevant work as a food demonstrator and recreational leader at a summer camp qualified as light work.  Relying on this testimony, the ALJ found that Ms. Surgi could perform her past work.  He also concluded that her complaints regarding her limitations were not fully credible.  As a result, the ALJ determined that Ms. Surgi was not disabled.

However, while evaluating the evidence, the ALJ misstated the vocational expert's testimony in his written decision. During the administrative hearing, after asking the vocational expert to characterize Ms. Surgi's past work experience, the ALJ noted that Ms. Surgi had a high school degree and skilled work experience.  The ALJ inquired whether "those two assets would put [Ms. Surgi] in a situation where there might be sedentary work available that would require very little in the way of any occupational adjustment."  The vocational expert responded:

If we're looking at sedentary work with transferable

2

skills my appreciation is that her skills were primarily in arts and crafts. She's not skilled as a teacher, and any instructor positions are generally going to be light, especially with using transferable skills. So the answer would be there would be no skills directly transferable to sedentary work based on that one job that was skilled of a recreational leader.

No other questions were asked of the vocational expert. In his report, the ALJ stated:

[T]he vocational expert testimony establishes that the claimant has past relevant work as [an] art teacher and as a food demonstrator which was light semiskilled; . . . census bureau taker which was light unskilled; and recreational leader at a summer camp which was light skilled. . . . The impartial vocational expert testified that based upon the claimant's residual functional capacity, the claimant could return to her past relevant work as performed by the claimant as a food demonstrator, and recreational leader at a summer camp. Both jobs were performed at the light level.

The Appeals Council denied Ms. Surgi's request for review, making the ALJ's decision the final decision of the Commissioner. Ms. Surgi then filed a complaint in federal district court, seeking review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g). On December 1, 2004, the magistrate judge recommended the ALJ's decision be affirmed. On January 20, 2005, the district judge issued an order affirming the Commissioner's decision. The district judge noted that "[n]otwithstanding the ALJ's erroneous recapitulation of the vocational expert's testimony, the decision is supported by substantial evidence."

3

*Surgi v. Barnhart*, No. 04-176, slip op. at 2 (E.D. La. Jan. 21, 2005). Ms. Surgi then filed this appeal.

## II. Standard of Review

Our review is limited to two questions: (1) whether the Commissioner's final decision is supported by substantial evidence, and (2) whether proper legal standards were used to evaluate the evidence. *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002)(citing *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999)); *see also* 42 U.S.C. § 402(g). Substantial evidence "is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Watson*, 288 F.3d at 215 (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Although we carefully examine the record, it is the Commissioner's role to weigh the evidence. *Brown*, 192 F.3d at 496. "The court does not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for the Commissioner's." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).

As we noted in *Newton v. Apfel*, "[t]he ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council." 209 F.3d at 455; *see also* *Cole v. Barnhart*, 288 F.3d 149, 151 (5th Cir. 2002)("It is well-established that we may only affirm the Commissioner's decision

4

on the grounds which he stated for doing so."). However, perfection in administrative proceedings is not required. *See Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988).

## III. Analysis

Ms. Surgi argues that the district court exceeded its role in judicial review by stating reasons to support the ALJ's decision that were not relied upon by the ALJ. However, despite his misquotation of the vocational expert's testimony, the ALJ's findings are supported by his evaluation of the evidence.

The ALJ has responsibility for determining an individual's residual functional capacity. *See* 20 C.F.R. 1546. The ALJ noted that Ms. Surgi had received only conservative care; that objective tests, including an MRI of her neck, were primarily negative; that there was no indication that surgery of any kind had been suggested; and that Ms. Surgi had not been hospitalized or needed emergency care, other than at the time of her initial injury.

The ALJ also discussed, and relied upon, the findings of Dr. Steiner, one of Ms. Surgi's treating doctors. The ALJ explained that, "[a]lthough [Dr. Steiner] initially indicated that [Ms. Surgi] was not able to do more than sedentary work, by his last letter, he concluded that [she] could do 'her job duties.'" The ALJ also noted Dr. Steiner's observation that Ms. Surgi "self-limited" herself during testing.

5

The ALJ also addressed Ms. Surgi's claims regarding her inability to do work due to pain and limitations.  The ALJ pointed out that on July 26, 2002, only four months after Ms. Surgi's injury, Dr. Steiner stated that there was no objective basis preventing Ms. Surgi to return to work, explaining, "No objective data has been shown to document any pathology that would limit her from these job duties."  The ALJ also explained that Dr. Murphy, another treating doctor, reached similar conclusions to Dr. Steiner.[1]

The reasoning set forth in the ALJ's opinion supports his determination that Ms. Surgi could perform a full range of light work and return to her past relevant work.  Therefore, a finding that Ms. Surgi is not disabled is appropriate.  *See* 20 C.F.R. 404.1520 ("[W]e consider our assessment of your residual functional capacity and your past relevant work.  If you can still do your past relevant work, we will find that you are not disabled.").

For the reasons above, we AFFIRM the judgment of the district court.

AFFIRMED.

---

[1] Dr. Murphy explained that Ms. Surgi's EMG test results showed only minimal changes that were nonspecific.  He also refrained from giving Ms. Surgi approval for physical therapy.