# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-41183
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 6, 2015

Lyle W. Cayce
Clerk

VINCENT KEITH YATES,

Plaintiff - Appellant

v.

CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL
SECURITY,

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC 6:12-CV-843

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

After a 2003 administrative hearing, Vincent Yates was found disabled under Title II and Title XVI of the Social Security Act. Later that year, information came to light about his employment history that called his testimony into question. His case was reopened, and he was denied benefits.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-41183

The district court affirmed the decision. Finding that there was a sufficient basis for reopening his case and no merit to his other arguments, we affirm.

## I.

Yates applied for Title II disability benefits and Title XVI supplemental security income benefits in 2002, claiming an inability to work beginning on March 11, 2002 due to back surgery. In 2003, Yates was given a hearing before Administrative Law Judge (ALJ) William Herbert in Minneapolis, who found in his favor on both claims. Yates began receiving benefits.

Later in 2003, the Social Security Administration received information that Yates was working as a taxi driver prior to the hearing, during a period for which he claimed disability. This led to a hearing in 2007 before ALJ Walter Orr in Texas, where Yates had moved in the interim. Yates appeared *pro se*. ALJ Orr reopened the case and determined that Yates was not disabled.

Yates challenged the decision in the district court, which found that he did not receive sufficient notice of his right to counsel and remanded the case. ALJ Orr conducted a new hearing in 2011 at which Yates was represented by counsel, and issued a decision later that year finding that Yates was not disabled. The decision relies in large part on testimony given by Dr. Howard McClure in the 2007 hearing, indicating that Yates did not have the requisite impairment. It also includes a lengthy discussion of the decision to reopen the case due to Yates's fault in failing to disclose his work as a taxi driver to ALJ Herbert at the 2003 hearing. The Appeals Council denied Yates's request for review. Yates then challenged the ruling in the district court. The magistrate judge recommended dismissing the complaint challenging the decision to reopen for lack of jurisdiction and, with regard to the ruling denying benefits, found no error. The district court adopted that recommendation. Yates appeals.

2

No. 14-41183

## II.

On appeal, Yates argues that ALJ Orr erred in reopening his hearing without making the required findings. Under 20 C.F.R. § 404.988(c) and 20 C.F.R. § 416.1488(c), a determination may be reopened at any time if "[i]t was obtained by fraud or similar fault." Although ALJ Orr found that Yates obtained a favorable determination by "similar fault," Yates argues that his taxi driving job did not constitute substantial gainful activity, and thus was not material to ALJ Herbert's decision to award him benefits. *See* 42 U.S.C. § 423(d)(1)(A) ("The term 'disability' means inability to engage in any substantial gainful activity . . . .").

The government asserts that the courts lack subject matter jurisdiction to review the decision to reopen Yates's case. Federal courts have jurisdiction to review the decisions of the Commissioner under 42 U.S.C § 405(g), which states that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days . . . ." *See also* 42 U.S.C. § 1383(c)(3) (granting review of Title XVI determinations to the same extent provided by 42 U.S.C. § 405(g)). In *Califano v. Sanders*, 430 U.S. 99, 108–09 (1977), the Supreme Court held that the denial of a petition to reopen may not be reviewed unless it is challenged on constitutional grounds. Noting that the statutory grant of judicial review is limited to "final decision[s] . . . made after a hearing" and that "a petition to reopen a prior final decision may be denied without a hearing," the Court held that section 405(g)'s jurisdictional grant does not encompass the refusal to reopen claims for benefits. *Id.* at 108; *see also Robertson v. Bowen*, 803 F.2d 808, 810 (5th Cir. 1986) ("[T]he federal courts have no subject matter jurisdiction to review a decision by the Secretary not to reopen a case."). The Court also observed that "an interpretation that would

3

allow a claimant judicial review simply by filing and being denied a petition to reopen his claim would frustrate the congressional purpose . . . to impose a 60-day limitation upon judicial review of the Secretary's final decision on the initial claim for benefits." *Sanders*, 430 U.S. at 108.

*Sanders* dealt only with jurisdiction over the decision *not* to reopen; we have declined to extend it to decisions *to* reopen that result in a decision against a claimant. In *Cole ex rel. Cole v. Barnhart*, 288 F.3d 149, 152 (5th Cir. 2002), we noted that "we review *de novo* the conclusion that good cause exists for reopening." *See also id.* at 150 ("We have jurisdiction to consider whether there is error in such a decision to reopen for good cause . . . when the reopening . . . led to the . . . partially unfavorable decision." (citing *Cieutat v. Bowen*, 824 F.2d 348, 358 n.15 (5th Cir. 1987))); CAROLYN A. KUBITSCHEK & JON C. DUBIN, SOCIAL SECURITY DISABILITY LAW & PROCEDURE IN FEDERAL COURT § 6:48 ("In the Fifth Circuit, the court reviews de novo the decision of the Commissioner that there is good cause for reopening."). *Cole* involved the decision to reopen a case for "good cause," which is a different ground than ALJ Orr's decision here to reopen due to "fraud or similar fault." *See* 20 C.F.R. § 404.988(b) (allowing reopening of Title II determinations "[w]ithin four years . . . if we find good cause, as defined in § 404.989, to reopen the case"); 20 C.F.R. § 416.1488 (allowing reopening of Title XVI determinations "[w]ithin two years of the date of the notice of the initial determination if we find good cause"). The same rationale nonetheless applies to decisions to reopen based on fraud or similar fault made after a hearing. *See Wyatt v. Barnhart*, 349 F.3d 983, 984–86 (7th Cir. 2003) (reversing ALJ's decision to reopen for "similar fault"). The magistrate judge thus erred in concluding that the decision to reopen is not reviewable.

Our review on the merits of the decision to reopen provides an alternate basis for affirming. The parties agree that a decision to reopen based on

"similar fault" requires that a claimant has made an incorrect or incomplete statement that is material to the determination, or knowingly concealed information that is material to the determination. *Cf.* 42 U.S.C. § 405(u)(2) (defining "similar fault" in the context of the Commissioner's duty to disregard evidence when "fraud or similar fault was involved in the providing of such evidence").

Although we review the ALJ's legal conclusion regarding the decision to reopen *de novo*, *Cole*, 288 F.3d at 152, the factual findings may not be questioned if they are supported by "substantial evidence." 42 U.S.C. 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) ("Our review of the Commissioner's decisions with respect to a denial of SSI benefits is limited to ascertaining 'whether (1) the [final] decision is supported by substantial evidence and (2) [that] proper legal standards were used to evaluate the evidence.'" (citation omitted and brackets in original)). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brown*, 192 F.3d at 496 (citation and internal quotation marks omitted). ALJ Orr's determination that Yates's fault was material to ALJ Herbert's decision easily meets this standard. The ALJ's decision notes that Yates was asked if he had worked since the date he claimed disability, and falsely answered that he had not. It also points out that ALJ Herbert explicitly considered Yates's credibility in reaching his ultimate determination, and thus that the misrepresentation was material. Yates's claim that his work did not constitute substantial gainful activity is beside the point; an ALJ may consider any work in its determination. *See* 20 C.F.R. § 404.1571 ("Even if the work you have done was not substantial gainful activity, it may show that you are able to do more work than you actually did.

No. 14-41183

We will consider all of the medical and vocational evidence in your file to decide whether or not you have the ability to engage in substantial gainful activity."). Because substantial evidence supported the factual findings underlying the decision to reopen, and because Yates offers no reasons to reject the ALJ's legal conclusions, we reject Yates's argument that there was error in the decision to reopen.

## III.

Yates also argues that ALJ Orr improperly considered Dr. McClure's medical testimony from the 2007 hearing in which Yates was unrepresented, and that ALJ Orr improperly weighed that testimony much more heavily than the other medical evidence. There is, however, "an absolute right to subpoena a reporting physician." *Lidy v. Sullivan*, 911 F.2d 1075, 1077 (5th Cir. 1990). Yates thus had the opportunity to subpoena Dr. McClure for the 2011 hearing at which he was represented by counsel. As ALJ Orr noted, his failure to do so forfeited any objection.

Furthermore, "the ALJ 'is entitled to determine the credibility of medical experts as well as lay witnesses and weigh their opinions accordingly.'" *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir.1994) (quoting *Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985)). ALJ Orr thus did not err in weighing Dr. McClure's testimony more heavily than the other medical evidence.

## IV.

Finally, Yates asserts that ALJ Orr's "behavior indicates a clear and substantial bias" because he laughed during the hearing, expressed his surprise that Yates has been receiving benefits since the 2003 hearing, and noted his disapproval of ALJ Herbert's reasoning. "'[J]udicial remarks during the course of a trial that are critical or disapproving of, or even hostile to counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge' unless 'they reveal such a high degree of favoritism or antagonism

No. 14-41183

as to make fair judgment impossible.'" *Brown*, 192 F.3d at 500 (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).  As the magistrate judge correctly noted, none of the behaviors Yates points to rises to the level of impermissible bias.  *Compare id.* (finding no bias despite ALJ's statement that the treating physician "was attempting to help the claimant get benefits because of his relationship with her"); *see also Liteky*, 510 U.S. at 555–56 (stating that "expressions of impatience, dissatisfaction, annoyance, and even anger" do not establish bias).

## V.

We therefore AFFIRM the district court's decision affirming the decision of the Commissioner and dismissing Yates's complaint.