United States Court of Appeals
Fifth Circuit

**F I L E D**

May 22, 2006

Charles R. Fulbruge III
Clerk

*In The United States Court Of Appeals
For The Fifth Circuit*

No. 05-31125
Summary Calendar

LULA ALFRED,

       Plaintiff - Appellant,

v.

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,

       Defendant - Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:04-CV-1141

Before JOLLY, DAVIS and OWEN, Circuit Judges.

PER CURIAM:[*]

       Lula Alfred, an applicant for Social Security disability insurance and supplemental security income benefits appeals the Commissioner's determination that she is not disabled within the meaning of the Social Security Act. Because we find that the Commissioner's decision is based upon substantial evidence and in accordance with law, we AFFIRM.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On January 29, 1987, Lula Alfred applied for disability insurance benefits under Title II of the Social Security Act, alleging an inability to work due to blindness in her left eye and limited vision in her right eye. An administrative law judge (ALJ) awarded Alfred benefits effective March 30, 1988 because her condition met the severity criteria stated in § 2.03(A) of the Commissioner's listing of impairments.[1] In February 1995, the Social Security Administration ("SSA") performed a continuing disability review[2] and concluded that Alfred's disability ceased in November 1994 because she had returned to substantial gainful activity. Specifically, since being found disabled in 1988, Alfred worked for approximately eighteen months in a salon answering telephones thirty-two hours per week, and worked for approximately one year at a church performing janitorial work twenty-three hours per week. Alfred requested reconsideration of the SSA's decision; however, for reasons not completely clear from the record, the SSA never processed the request nor did it cease Alfred's benefits.

In May 1997, the SSA again reviewed Alfred's case and found that her disability ceased on September 1, 1997 due to medical improvement. Specifically, the SSA concluded that Alfred's condition no longer met the severity requirements in § 2.03(A). Consequently, the SSA terminated Alfred's benefits on November 30, 1997, and notified her that as a result of

---

[1] 20 C.F.R. § 404, Subpart P, Appendix I, § 2.03(A).

[2] *See* 20 C.F.R. § 416.989 (explaining that the Social Security Administration must periodically evaluate a benefit recipient's impairments to determine their continuing eligibility for benefits).

her medical improvement, she had been overpaid $11,064.00.[3] Alfred thereafter requested a hearing before an ALJ, which was held on April 1, 2002. During the pendency of the administrative review of her disability cessation, Alfred filed an application for Title XVI supplemental security income ("SSI") benefits, which was later consolidated with Alfred's pending disability cessation appeal.

After considering Alfred's background, work experience and medical history, the ALJ determined that Alfred retained the residual functional capacity to perform her past janitorial work, which he labeled "housekeeping," and was therefore not disabled. Accordingly, the ALJ concluded that Alfred was no longer entitled to disability insurance benefits and not eligible for SSI benefits. The Appeals Council denied Alfred's request for review, making the ALJ's decision the final decision of the Commissioner. Alfred then filed a complaint in federal district court, seeking review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g). The magistrate judge recommended the ALJ's decision be affirmed, and the district court affirmed the Commissioner's decision. Alfred then filed this appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291.

Our review of the Commissioner's decision to deny benefits is limited to two inquiries: whether the decision is supported by substantial evidence and whether the Commissioner

---

[3]The $11,064 overpayment was waived at Alfred's request and is not at issue. *See* 42 U.S.C. § 404(b) (providing that a recipient is not required to refund an overpayment where it is found that the recipient was without fault in causing the erroneous overpayment, and repayment would defeat the purposes of the Social Security Act or "would be against equity or good conscience").

applied the proper legal standards.[4] Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion"[5] and is "more than a mere scintilla and less than a preponderance."[6] If supported by substantial evidence, the Commissioner's factual findings are conclusive.[7]

Alfred bears the burden of proving she suffers from a disability under the SSA.[8] "Disability" is defined under the SSA as "any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."[9] In examining a disability claim, the Commissioner uses the familiar five-step sequential process to determine whether: (1) the claimant is performing substantial gainful activity; (2) the claimant has a "severe impairment"; (3) the claimant's impairment meets or equals one listed in Appendix 1 of the regulations; (4) the claimant has the residual functional capacity to perform her past relevant work; and (5) the claimant can make an adjustment to other work in light of her age, education, work experience, and residual functional capacity.[10] If the claimant shows that she is disabled under

---

[4]*See Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).

[5]*Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotations and citations omitted).

[6]*Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

[7]42 U.S.C. § 405(g).

[8]*Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992).

[9]42 U.S.C. § 423(d)(1)(A).

[10]20 C.F.R. § 404.1520.

the first four steps, the burden shifts to the Commissioner for the fifth step to demonstrate that the claimant can perform other substantial work in the national economy.[11] A finding that the claimant is not disabled at any step is conclusive and ends the inquiry.[12]

We have previously noted that an "ALJ's decision must stand or fall with the reasons set forth in [his] decision."[13] Here, the ALJ determined that Alfred was not disabled at step four, finding that she had the residual functional capacity to perform her past relevant work as a housekeeper. Alfred challenges the ALJ's decision on two grounds. First, she claims that the ALJ's finding is not supported by substantial evidence. Second, Alfred contends that part-time work can not constitute "past relevant work" and therefore, the ALJ's finding that she can return to past relevant part-time work is erroneous as a matter of law. We find both arguments unpersuasive.

At Alfred's administrative hearing, the ALJ asked vocational expert Harris Rowzie to comment on the extent to which Alfred's vision impairments would prevent her from performing her prior work. The vocational expert stated in relevant part:

> Housekeeping cleaner as an example, I would venture to say that with that little vision that the problem that [Alfred]'s going to face with doing that job is she's going to miss things. . . . If she's running a vacuum cleaner and she's going to be required to run that vacuum cleaner she'd almost have to do something in a compulsive manner. And that is since she's got more peripheral vision on the

---

[11]*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).

[12]*Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990).

[13]*Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000); *see also Cole v. Barnhart*, 288 F.3d 149, 151 (5th Cir. 2002) ("It is well-established that we may only affirm the Commissioner's decision on the grounds which he stated for doing so.").

5

right she'd always have to start on the left and move to the right. But by the same token she's not going to have the accuracy that someone with binocular vision would have with the same restriction.

Mr. Rowzie did not provide any other testimony regarding Alfred's ability to perform the work of a housekeeper. In his decision finding Alfred not disabled, the ALJ stated that "Rowzie opined [that Alfred] could do her past work as a housekeeper." Alfred contends that Rowzie's testimony regarding her ability to perform the work of a housekeeper is, at best, ambiguous, and therefore, does not support the ALJ's finding that she can perform that occupation.

To demonstrate that she is disabled at step four, Alfred must show that she lacks the residual functional capacity to perform: (1) the actual functional demands and job duties of her past job and (2) the functional demands and job duties of the occupation as generally required by employers in the national economy.[14] Alfred has failed to make the requisite showings. At her administrative hearing, Alfred testified that there were no tasks that she was unable to accomplish at her past job as a housekeeper because of her vision. Additionally, the record demonstrates that Alfred earned over $12,000 per year working as a housekeeper from 1996-1998. Notably, this is an amount well in excess of the $500 per month amount presumed to show performance of substantial gainful activity.[15] Alfred's earnings records also reveal that she was capable of performing her job duties of a housekeeper before her condition had medically improved. Accordingly, because there is substantial evidence, apart from Rowzie's

_____

[14]*See Jones v. Bowen*, 829 F.2d 524, 527 n.2 (5th Cir. 1987); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990); Social Security Ruling 82-61.

[15]*See* 20 C.F.R. § 404.1574(b)(2)(I) Table I.

testimony, that supports the ALJ's finding that Alfred has the residual functional capacity to perform the actual functional demands of her past housekeeping job, we conclude that Alfred's first argument lacks merit.

Alfred also contends that, as a matter of law, past work performed on a part-time basis cannot constitute "past relevant work." Social Security Ruling ("SSR") 96-8P provides that an individual's residual functional capacity measures their "maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis." A "regular and continuing basis" is defined by SSR 96-8P as "8 hours a day, for 5 days a week, or an equivalent work schedule." However, SSR 96-8P also expressly states that:

> [t]he ability to work 8 hours a day for 5 days a week is not always required when evaluating an individual's ability to do past relevant work at step 4 of the sequential evaluation process. Part-time work that was substantial gainful activity, performed within the past 15 years, and lasted long enough for the person to learn to do it constitutes past relevant work, and an individual who retains the RFC to perform such work must be found not disabled.

Alfred's work as a housekeeper meets the definition of "past relevant work." First, the housekeeping work was performed from 1996 through 1998, and was thus performed within the 15 years preceding the ALJ's November 2002 decision. Second, as mentioned above, Alfred's work as a housekeeper constitutes substantial gainful activity because it yielded over $12,000 per year from 1996-1998. Finally, there is no evidence indicating, nor does Alfred claim, that her housekeeping job did not last long enough for her to learn how to do it. Accordingly, Alfred's prior housekeeping job is "past relevant work" and because she retains the residual functional capacity to perform that work, she is not disabled.

For the foregoing reasons, we AFFIRM.