**UNITED STATES COURT OF APPEALS**  May 20, 2011

**FOR THE TENTH CIRCUIT**

CARL D. SHEPPARD,

      Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE,
Commissioner,
Social Security Administration,

      Defendant-Appellee.

No. 10-6172
(D.C. No. 5:09-CV-00390-C)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **McKAY**, and **HOLMES**, Circuit Judges.

Carl D. Sheppard appeals from the district court's order affirming the

Social Security Commissioner's denial of his applications for disability insurance

benefits and supplemental security income benefits under the Social Security Act.

The Administrative Law Judge (ALJ) denied Mr. Sheppard's applications for

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

benefits in a decision issued in January 2008[1] because he found at step one of the five-step sequential evaluation process for determining disability that Mr. Sheppard's part-time job as a Recovery Support Specialist at the Edwin Fair Community Mental Health Center was substantial gainful activity (SGA). *See* 20 C.F.R. §§ 404.1520(a)(4)(i) and 416.920(a)(4)(i) ("At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled."); *id.* §§ 404.1520(b) and 416.920(b) ("If you are working and the work you are doing is substantial gainful activity, we will find that you are not disabled regardless of your medical condition or your age, education, and work experience."). Exercising jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g), and having determined, based on our de novo review, that the ALJ failed to apply the correct legal standards, we reverse and remand for a redetermination at step one of whether Mr. Sheppard was engaged in SGA. *See Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994) ("We review the [ALJ's] decision to determine . . . whether the [ALJ] applied the correct legal standards[, and] [f]ailure to apply the correct legal standard[s] . . . is grounds for reversal.") (internal quotation marks omitted).

---

[1]  Although the ALJ's decision is dated January 3, 2007, *see* Aplt. App., Vol. II at 38, this is a typographical error as the decision was actually issued on January 3, 2008, *id.* at 6 (Notice of Appeals Council Action denying Mr. Sheppard's "request for review of the [ALJ's] decision dated January 3, 2008").

Recognizing that our remand of this matter may not ultimately change the Commissioner's final disposition of the SGA issue, we nonetheless conclude that the ALJ committed reversible legal error by failing to conduct his step-one analysis within the proper analytical framework. Specifically, the ALJ failed to give Mr. Sheppard the benefit of a rebuttable presumption, as required by 20 C.F.R. §§ 404.1574(b)(3)(i) and 416.974(b)(3)(i), that he had not performed work at the SGA level from May 2005, when he started his part-time job,[2] through the date of the hearing before the ALJ in April 2007. As the magistrate judge correctly recognized in his report and recommendation to the district court, Mr. Sheppard was entitled to such a presumption because his average monthly earnings in 2005 and 2006 fell below the threshold monthly levels for those years as calculated under §§ 404.1574(b)(2)(ii) and 416.974(b)(2)(ii). *See* Aplt. App., Vol. I at 76-78.[3]

_____

[2]    The ALJ found that Mr. Sheppard began his part-time job in September 2003, *see* Aplt. App., Vol. II at 27, but this finding is not supported by the administrative record. Instead, the colloquy between Mr. Sheppard and the ALJ during the hearing before the ALJ indicates that Mr. Sheppard started working at his part-time job in 2005, *id.* at 41-42, and the earnings information that his employer produced indicates that he began working in May 2005, *id.*, Vol. III at 683.

[3]    Although the magistrate judge applied the correct legal standards in his report and recommendation when he analyzed the SGA issue at step one, the magistrate judge was prohibited by the well-established rules governing judicial review of administrative decisions from substituting his own analysis for that of the ALJ. *See SEC v. Chenery Corp.*, 318 U.S. 80, 94-95 (1943) and *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947). Accordingly, we confine our review to

(continued...)

Although the controlling regulations explicitly require that Mr. Sheppard's earnings from his part-time job should have been the ALJ's "primary consideration" in resolving the SGA issue, *see* 20 C.F.R. §§ 404.1574(a)(1) and 416.974(a)(1), the ALJ essentially ignored Mr. Sheppard's earnings. In fact, the ALJ gave the mistaken impression that the controlling regulations only raise a presumption *in favor* of a finding of SGA if the claimant's average monthly earnings *exceed* the threshold level calculated under the regulations, *see* Aplt. App., Vol. II at 24, 35, when actually the regulations also raise a presumption *against* a finding of SGA if the claimant's average monthly earnings are *below* the threshold level calculated under the regulations, *see* 20 C.F.R. §§ 404.1574(b)(3)(i) and 416.974(b)(3)(i), which is the case for Mr. Sheppard. As a result, it was simply not enough for the ALJ to proceed under the assumption that "Mr. Sheppard's actual activity is not *per se* 'substantial gainful activity.'" Aplt. App., Vol. II at 35. Instead, Mr. Sheppard was entitled to an affirmative presumption in his favor on the SGA issue, and we conclude that the SGA issue in this case is close enough that this legal error requires a reversal and remand.

We also note that the ALJ failed to acknowledge the important evidentiary provisions that are set forth in the controlling regulations. Those provisions provide that the Commissioner "will generally consider other information in

---

[3](...continued)
the ALJ's decision.

addition to [a claimant's] earnings if there is evidence indicating that [the claimant] may be engaging in substantial gainful activity." 20 C.F.R. §§ 404.1574(b)(3)(ii) and 416.974(b)(3)(ii). The regulations set forth two specific examples of such "other information":

> Examples of other information we may consider include, whether--
>
> (A) Your work is comparable to that of unimpaired people in your community who are doing the same or similar occupations as their means of livelihood, taking into account the time, energy, skill, and responsibility involved in the work; and
>
> (B) Your work, although significantly less than that done by unimpaired people, is clearly worth the amounts shown in paragraphs (b)(2) of this section, according to pay scales in your community.

*Id.*

Although we agree with the Commissioner that these provisions did not affirmatively require the ALJ to develop the specified earnings evidence, pertaining to the pay scales of unimpaired individuals working in full-time Recovery Support Specialist positions, to resolve the SGA issue in this case, *see* Aplee. Br. at 15, the ALJ should consider whether it is feasible to develop such earnings evidence on remand. Of course, the ALJ may also consider the general information about Mr. Sheppard's work activity that is described in 20 C.F.R. §§ 404.1573(a)-(c), (e) and 416.973(a)-(c), (e) (*i.e.*, the nature of his work, how well he performs his work, if he performs his work under special conditions, and the time spent in work). In considering such evidence, however, "the ALJ

must . . . discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996).

With regard to this last point, there appears to be uncontroverted and significantly probative evidence in the record that the ALJ failed to discuss in his prior decision relating to the mental health treatment that Mr. Sheppard was receiving at the Edwin Fair Community Mental Health Center while he was working there on a part-time basis. Specifically, the records from the health center appear to show that: (1) Mr. Sheppard was suffering from persistent and worsening severe depression and anxiety, as evidenced by repeated extensions of his discharge date; (2) Mr. Sheppard's overall health was deteriorating; and (3) Mr. Sheppard was having difficulties with his job in terms of personal relationships with coworkers and productivity. *See* Aplt. App., Vol. III at 441-49, 594-603, 593, 511-20, 571-80, 559-569, 548-57, 776-84, 767-75, 758-66.[4] On

---

[4] These record citations are cited out of sequence in order to put them in chronological order. Although the last set of records from the health center are dated February 27, 2008, *see* Aplt. App., Vol. III at 758-66, and thus were created after the ALJ issued his decision on January 3, 2008, they should be considered on remand since our remand of this case to the Commissioner for further proceedings extends the potential period of disability through the next date of decision. *See Krauser v. Astrue*, __ F.3d __, 2011 WL 1718892, at *3 (10th Cir. May 6, 2011). We also note that the records from the health center dated February 27, 2008, were considered and made part of the administrative record by the Appeals Council in connection with its denial of Mr. Sheppard's request for review of the ALJ's decision. *See* Aplt. App., Vol. II at 6, 10 and Exhibit AC-5.

remand, the ALJ should examine this evidence as part of the determination of how well Mr. Sheppard was performing his job and whether he was working under special conditions.

Finally, because we have concluded that the ALJ committed reversible legal error at step one in finding that Mr. Sheppard's part-time job as a Recovery Support Specialist constituted SGA, we are precluded from considering whether that same job could qualify as "past relevant work" at step four of the sequential evaluation process. *See James v. Chater*, 96 F.3d 1341, 1343 (10th Cir. 1996) (stating that work must be SGA to be considered past relevant work at step four); 20 C.F.R. §§ 404.1565(a) and 416.965(a) and §§ 404.1560(b)(1) and 416.960(b)(1) (same). Accordingly, we will not address the ALJ's alternative findings at step four. *See* Aplt. App., Vol. II at 37 ("[E]ven if the foregoing conclusions [regarding step one] are rejected . . . , I still find at Step 4, that Mr. Sheppard's residual functional capacity . . . permits him to 'return to' (continue with) his work as a 'recovery support specialist.'").

The judgment of the district court is **REVERSED** and this case is **REMANDED** to the district court with instructions to **REMAND** the case to the Commissioner for further proceedings consistent with this order and judgment.

Entered for the Court

Jerome A. Holmes
Circuit Judge

-7-