# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-11095

United States Court of Appeals
Fifth Circuit

**FILED**

November 17, 2014

Lyle W. Cayce
Clerk

PATSY OHEA COPELAND,

Plaintiff–Appellant,

v.

CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL
SECURITY,

Defendant–Appellee.

Appeal from the United States District Court
for the Northern District of Texas

Before STEWART, Chief Judge, and WIENER and COSTA, Circuit Judges.

CARL E. STEWART, Chief Judge:

Plaintiff-Appellant Patsy Copeland brought this action under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to obtain judicial review of the Commissioner of Social Security's administrative decision that Copeland is not disabled as defined by the Act. Specifically, the Commissioner found that Copeland was not entitled to disability insurance benefits (DIB) and supplemental security income (SSI) benefits under Titles II and XVI of the Act, 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3). The district court dismissed Copeland's complaint. For the reasons stated herein, we VACATE and REMAND.

No. 13-11095

## I.

Copeland filed applications for DIB and SSI benefits on November 16, 2009, alleging disability due to knee, back, shoulder and heart impairments beginning October 14, 2009. These applications were denied. On March 23, 2011, her claims were presented at a hearing before an administrative law judge (ALJ). Copeland and a vocational expert (VE) testified at the hearing.

Copeland testified that she had worked as a home health aide "for a while" before quitting her job in October 2009. She stated that she had constant pain in her back, right hip and leg, and the left side of her neck, which were aggravated by movement. She testified that she could not work due to the pain from these conditions. She acknowledged, however, that her medications helped with the pain. She said she could walk for half a block, sit for one hour, stand for 30 minutes, and regularly lift and carry up to 10 pounds, as that was the weight of her purse. She also said she could lift a gallon of milk, but that she occasionally lost her grip when grasping a milk container. She testified that she spent about half her day lying down, and generally rode a cart to the grocery store. Recently, her physician's assistant directed her to walk with a cane in order to put less weight on her leg. She said that her doctor never mentioned surgery for her conditions.

In addition to providing testimony at the hearing, Copeland reported a long history of working as a home health aide, which entailed housekeeping services for her patients, including dusting, mopping, vacuuming, and laundry. In a disability report, she reported very low earnings, ranging from $86.40 to $4,719.38 per year ($7.20 to $393.28 per month). Two separate agency vocational consultants, Melinda Garza and TJ Snyder, reviewed the record and submitted Sequential Vocational Guide reports indicating there was evidence of past relevant work.

2

No. 13-11095

The VE testified that the work Copeland had primarily done in the past 15 years had been that of a home health attendant, which the VE characterized as "lower level semi-skilled" work with a vocational preparation level of 3. She called the job a medium exertional level job as generally performed in the national economy. The ALJ directed the VE to imagine a hypothetical individual of Copeland's age, education, and work experience, who was able to do the full range of light exertional-level work including occasional climbing, balancing, stooping, kneeling, crouching, and crawling but excluding the climbing of ladders, ropes, and scaffoldings. The ALJ asked whether such an individual would be able to perform the job of home health aide. The VE responded that the individual could perform Copeland's past work as a home health attendant as she had actually performed the job.

The ALJ found that Copeland had failed to prove she was disabled within the meaning of the Act.[1] He found that Copeland retained the residual functional capacity for the performance of a wide range of light work activities, except she could only occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs, and she could never climb ladders, ropes, or scaffolds. With this capacity, the ALJ found that Copeland's past relevant work included "home health attendant" and that she could return to this position as she had actually performed it—though not as it is generally performed in the national economy. The ALJ also found that Copeland's subjective complaints were not credible. Accordingly, he denied her applications for benefits. The Appeals Council denied Copeland's request for review, and the ALJ's May 16, 2011 decision became the Commissioner's final decision.

---

[1] The record also contained extensive medical evidence, including numerous reports from several doctors. However, because Copeland challenges only the ALJ's determination that her past job as a home health aide constituted past relevant work, we need not include a summary of medical evidence here.

No. 13-11095

Having exhausted her administrative remedies, Copeland brought the instant civil action in district court. The district court found that the decision was supported by substantial evidence and that the ALJ applied the proper legal standards. Copeland appealed.

## II.

Our review of Social Security disability cases "is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005) (citing *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)); *see generally* 42 U.S.C. § 405(g) (describing and elaborating on the standard for judicial review of decisions of the Commissioner of Social Security). Substantial evidence is "more than a mere scintilla and less than a preponderance." *Perez*, 415 F.3d at 461 (citation and internal quotation marks omitted). It refers to "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal citation and quotation marks omitted). In applying this standard, we "may not reweigh the evidence or substitute [our] judgment for the Commissioner's." *Id.* (internal citation omitted). We may affirm only on the grounds that the Commissioner stated for his decision. *Cole v. Barnhart*, 288 F.3d 149, 151 (5th Cir. 2002) (per curiam).

In order to qualify for disability insurance benefits or SSI, a claimant must suffer from a disability. *See* 42 U.S.C. § 423(d)(1)(A). The Social Security Act defines a disability as a "medically determinable physical or mental impairment lasting at least twelve months that prevents the claimant from engaging in substantial gainful activity." *Masterson v. Barnhart*, 309 F.3d 267, 271 (5th Cir. 2002); *see also* 42 U.S.C. § 423(d)(1)(A). The Commissioner typically uses a sequential five-step process to determine whether a claimant

No. 13-11095

is disabled within the meaning of the Social Security Act.  20 C.F.R. § 404.1520; *see also Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002).  The analysis is:

> First, the claimant must not be presently working.  Second, a claimant must establish that he has an impairment or combination of impairments which significantly limit [her] physical or mental ability to do basic work activities.  Third, to secure a finding of disability without consideration of age, education, and work experience, a claimant must establish that his impairment meets or equals an impairment in the appendix to the regulations.  Fourth, a claimant must establish that his impairment prevents him from doing past relevant work.  Finally, the burden shifts to the Secretary to establish that the claimant can perform the relevant work.  If the Secretary meets this burden, the claimant must then prove that he cannot in fact perform the work suggested.

*See Waters*, 276 F.3d at 718 (quoting *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991)); *see generally* § 404.1520.  Notably in this case, "the claimant bears the burden of proof with respect to the first four steps of the analysis. . . ." *Waters*, 276 F.3d at 718; *see also Newton*, 209 F.3d at 453.  If at any step the Commissioner finds that the claimant is or is not disabled, the ALJ need not continue the analysis.  *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

Here, the ALJ found at step four that Copeland was not disabled because she was able to perform her past relevant work as a home health aide.[2]  Past relevant work refers to work that was performed "within the last 15 years, lasted long enough for the person to learn to do it and was substantial gainful activity."  *Titles II & XVI: Past Relevant Work—the Particular Job or the Occupation As Generally Performed*, SSR 82-61, 1982 WL 31387 (1982); 20

---

[2] At steps one to three, the ALJ found that Copeland had not engaged in substantial gainful activity at any time relevant to the decision and had a "severe" combination of impairments, but her impairments were not severe enough to meet or equal in severity any impairment listed in the appendix to the regulations.

C.F.R. §§ 404.1565(a), 416.965(a).  Part-time work may be considered past relevant work.  *See Alfred v. Barnhart*, 181 F. App'x 447, 451 (5th Cir. 2006) (per curiam) (unpublished) (citing *Titles II & XVI: Assessing Residual Functional Capacity in Initial Claims*, SSR 96-8P, 1996 WL 374184 (July 2, 1996)).  A claimant may retain the capacity to perform her past relevant work either "as he or she actually performed it" or "as ordinarily required by employers throughout the national economy."  *Past Relevant Work*, 1982 WL 31387, at *1–2.

To determine whether work qualifies as past relevant work, it is necessary to understand what is meant by substantial gainful activity ("SGA"). "The adjudicative criteria for determining whether a person has done 'substantial' and 'gainful' work activity are explained in sections 404.1571–404.1575 and 416.971–416.975 of the regulations."  *Titles II & XVI: A Disability Claimant's Capacity to Do Past Relevant Work, in General*, SSR 82-62, 1982 WL 31386, at *2 (1982).  SGA is defined as:

> work activity that is both substantial and gainful.
>
> (a) Substantial work activity.  Substantial work activity is work activity that involves doing significant physical or mental activities.  Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before.
>
> (b) Gainful work activity.  Gainful work activity is work activity that you do for pay or profit.  Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized.

20 C.F.R. §§ 404.1572, 404.1510; *see also Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).

The regulations indicate that the Commissioner "will consider all of the medical and vocational evidence in your file to decide whether or not you have

the ability to engage in substantial gainful activity." 20 C.F.R. §§ 404.1571, 416.971. "Generally, if you worked for substantial earnings, we will find that you are able to do substantial gainful activity. However, the fact that your earnings were not substantial will not necessarily show that you are not able to do substantial gainful activity." 20 C.F.R. §§ 404.1574(a)(1), 416.974(a)(1).

The Commissioner will consider that earnings show SGA if monthly earnings exceed those indicated in the chart and related regulations at sections 404.1574(b)(2) and 416.974(b)(2). If earnings are below the amounts in sections 404.1574(b)(2) and 416. 974(b)(2), the Commissioner "will generally consider" that the claimant has not engaged in SGA and "will generally not consider other information in addition to [] earnings." §§ 404.1574(b)(3), 416.974(b)(3). However, the regulations list several exceptions to this generalization. §§ 404.1574(b)(3)(ii), 416.974(b)(3)(ii). Specifically, the Commissioner will customarily consider information beyond earnings "if there is evidence indicating that you may be engaging in substantial gainful activity or that you are in a position to control when earnings are paid to you or the amount of wages paid to you." *Id.* The regulations list two examples of other information the Commissioner may consider. One is whether the work "is comparable to that of unimpaired people in [the] community who are doing the same or similar occupations as their means of livelihood, taking into account the time, energy, skill, and responsibility involved in the work." §§ 404.1574(b)(3)(iii)(A), 416.974(b)(3)(iii)(A). The other is whether the claimant controls his or her own wages. §§ 404.1574(b)(3)(iii)(B), 416.974(b)(3)(iii)(B). The regulations do not indicate that this is an exclusive list of examples of other information the Commissioner will consider.

No. 13-11095

**III.**

Copeland's claims center on her contention that the ALJ erred in finding that her past work as a home health aide constituted past relevant work. She argues that her work was never performed at the SGA level and, therefore, cannot be considered past relevant work. The crux of her argument is that a rebuttable presumption of non-SGA arises when a claimant's earnings fall below the earnings guidelines for SGA contained in §§ 404.1574(b)(2) and 416.974(b)(2). We agree.

Two circuits have recognized such a presumption under the current regulations in unpublished opinions.[3] *See Sheppard v. Astrue*, 426 F. App'x 608, 609–10 (10th Cir. 2011) (holding that an ALJ committed reversible legal error by failing to give a claimant the benefit of a rebuttable presumption against SGA when his average monthly earnings fell below the threshold regulatory levels); *Beeks v. Comm'r of Social Security*, 363 F. App'x 895, 897 (3rd Cir. 2010) ("[T]he ALJ failed to consider (or mention) that Beeks's earnings . . . were less than the average monthly allowance for presumed substantial activity. . . . Because the ALJ failed to recognize this issue and consider it in his step one analysis, we must vacate and remand."); *see also* Carolyn A. Kubitschek & Jon C. Dubin, *Social Security Disability Law & Procedure in Federal Court* § 3:6 (2014 ed.) ("[I]f the claimant earned less than the agency's prescribed amount, there is a presumption that he did not engage

---

[3] The interest in uniform national application of the law is particularly strong in an area like Social Security, where the number of cases is so high. *See* Administrative Office of the U.S. Courts, *U.S. District Courts – Civil Cases Commenced, by Basis of Jurisdiction and Nature of Suit, During the 12-Month Period Ending March 31, 2012 and 2013* (2014), *available                                                                                        at* http://www.uscourts.gov/uscourts/Statistics/FederalJudicialCaseloadStatistics/2013/tables/ C02Mar13.pdf (finding that Social Security cases occupy about five percent of the federal district courts' civil dockets).

in substantial gainful activity."); *Social Security Law and Practice: Showing Disability* § 40:7 (2008) ("Earnings as an employee below the amount which creates a presumption of substantial gainful activity create a contrary presumption that a claimant did not engage in substantial gainful activity." (citations omitted)).

In precedential opinions, other circuits have recognized a presumption based on low earnings under the previous, but similarly worded, regulatory regime.[4] *See Rosello v. Astrue*, 529 F.3d 1181, 1186 (D.C. Cir. 2008) (concluding that earnings "below the $190 threshold [would] trigger[] a presumption that she did *not* engage in substantial gainful activity"); *Lewis v. Apfel*, 236 F.3d 503, 515 (9th Cir. 2001) ("Earnings can be a presumptive, but not conclusive, sign of whether a job is substantial gainful activity.  Monthly earnings averaging less than $300 generally show that a claimant has not engaged in substantial gainful activity."); *Garnett v. Sullivan*, 905 F.2d 778, 780 n.1 (4th Cir. 1990) ("[I]f a claimant's earnings averaged less than $190 per month, a presumption arose that the claimant was not engaged in SGA.").  In at least one case before this court, the Commissioner acknowledged that under the prior guidelines a rebuttable presumption against SGA arose for below-threshold earnings.  *See* Brief for Defendant-Appellee at 10, *Rutherford v. Shalala*, 43 F.3d 670 (5th Cir. 1994) (No. 94-60453), 1994 WL 16138316, at *10 ("The Secretary's regulations likewise provide a presumption against SGA for

---

[4] The language in the current regulation for earnings below the threshold amounts is indistinguishable from the previous one that these courts, and even the Commissioner, recognized created a rebuttable presumption against SGA.  *Compare* § 404.1574(b)(3)(i) (current) ("If your average monthly earnings are equal to or less than the amount(s) determined under paragraph (b)(2) . . . , we will generally consider that the earnings from your work as an employee . . . will show that you have not engaged in substantial gainful activity."), *with* 20 C.F.R. § 404.1574(b)(3) (repealed January 29, 2001) ("We will generally consider that the earnings from your work as an employee will show that you have not engaged in substantial gainful activity if—(b)(3)(i) Your earnings averaged less than $130 a month.").

earnings averaging less than $190 a month in calendar years after 1979 and before 1990 . . . .").

The Commissioner argues that the current regulations contain a small but significant difference that accounts for the presumption that arises with above-SGA earnings but vanishes with below-SGA earnings: while § 404.1574(b)(2) states that "[w]e will consider that your earnings from your work activity as an employee . . . show that you engaged in substantial gainful activity," its counterpart regulation states that "we will *generally* consider that the earnings from your work as an employee . . . will show that you have not engaged in substantial gainful activity." § 404.1574(b)(3)(i) (emphasis added). The absence of the word "generally" in the first regulation and its presence in the second, the Commissioner explains, is why a presumption arises in favor of SGA when earnings exceed the guidelines but not against SGA when earnings are below the guidelines.

But the Commissioner disregards the similarities between the two sections. *Compare* § 404.1574(b)(2) ("[E]arnings that will ordinarily show that you have engaged in substantial gainful activity."), *with* § 404.1574(b)(3) ("[E]arnings that will ordinarily show that you have not engaged in substantial gainful activity."). Additionally, other language in the current regulations suggests that a presumption exists if a claimant's earnings are below the guidelines. The Commissioner "will generally consider" that the earnings "will show that [the claimant has] not engaged in substantial gainful activity," and will "generally *not* consider other information in addition to [the] earnings *except* in the circumstances described in paragraph (b)(3)(ii)" of the regulations. § 404.1574(b)(3)(i) (emphasis added).

The prior regime—which was unanimously viewed as creating a rebuttable presumption against SGA for below-threshold earnings—also

shows that a rebuttable presumption favoring a claimant, while perhaps unusual, is not incompatible with the plaintiff's burden of proof. In *Lewis*, the Ninth Circuit described how this burden functions:

> The presumption that arises from low earnings shifts the step-four burden of proof from the claimant to the Commissioner. . . . With the presumption, the claimant has carried his or her burden unless the ALJ points to substantial evidence, aside from earnings, that the claimant *has* engaged in substantial gainful activity. The regulations list five factors: the nature of the claimant's work, how well the claimant does the work, if the work is done under special conditions, if the claimant is self-employed, and the amount of time the claimant spends at work.

236 F.3d at 515–16 (citation omitted). Rebuttable presumptions that may favor a claimant also exist in other areas of Social Security law. *See, e.g.*, *Hodges v. Barnhart*, 276 F.3d 1265, 1269 (11th Cir. 2001) (holding that a low IQ test taken after age 22 creates a rebuttable presumption of intellectual disability dating back to one's youth).

The ALJ did not substantively discuss Copeland's earnings, which even the Commissioner appears to agree were below the threshold set forth in §§ 404.1574(b)(2) and 416.974(b)(2). There is only one passing reference to an earnings exhibit in the opinion denying benefits.

We hold that a rebuttable presumption against substantial gainful activity arises where a disability claimant's earnings are below the threshold set by the regulations. On remand, the Commissioner is free to urge, if he can, why Copeland, despite her low earnings, is nonetheless able to engage in SGA and thus not entitled to benefits. But the Commissioner's failure to address

No. 13-11095

Copeland's earnings and apply the presumption in this case is grounds for reversal.[5]

## IV.

For the foregoing reasons, we VACATE and REMAND the district court's dismissal of Copeland's complaint for proceedings not inconsistent with this opinion. We express no view as to Copeland's ultimate entitlement to disability benefits.

---

[5] Because of our holding on the presumption, we do not reach Copeland's claim that the Commissioner's denial of benefits was not supported by substantial evidence. We express no opinion on that issue.