# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30955

United States Court of Appeals
Fifth Circuit

**FILED**

March 12, 2015

Lyle W. Cayce
Clerk

TEISHA PRUDHOMME,

Plaintiff-Appellant

v.

CAROLYN COLVIN, ACTING U.S. COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:12-CV-03062

Before JONES and HAYNES, Circuit Judges, and CRONE, District Judge.[*]

PER CURIAM:[**]

Plaintiff-Appellant Teisha Prudhomme ("Prudhomme"), a Social Security disability claimant, appeals the district court's affirmance of the Commissioner of Social Security's denial of disability insurance benefits under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). We find the

---

[*] District Judge for the Eastern District of Texas, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30955

Commissioner's decision is not supported by substantial evidence. Therefore, we REVERSE and REMAND for additional proceedings.

## I.

Prudhomme filed her application for disability insurance benefits on March 5, 2010, alleging a disability onset date of February 2, 2010, due to heart problems and diabetes mellitus. Her application was denied by the Social Security Administration ("SSA"). The case was referred to an Administrative Law Judge ("ALJ"), who held a hearing and applied the analytical framework for determining whether an individual is disabled.[1]

During the hearing, a vocational expert ("VE") described Prudhomme's prior work as: "cashier . . . light-duty, unskilled occupation, SVP 2;" "[s]hort order cook . . . Light duty, semi-skilled, SVP 3;" and Certified Nursing Assistant ("CNA"), "Medium duty, semi-skilled, SVP 4." In response to a hypothetical question from the ALJ asking him to identify occupations a person similarly situated to Prudhomme could perform, the VE testified:

> Yes, sir. There's a variety of cashier positions that would be from the unskilled up to the semi-skilled occupational level at the sedentary level. And at the sedentary level, in the state of Louisiana – let's see. DOT [Dictionary of Occupational Titles]

---

[1] The Commissioner generally employs a five-step process to determine whether a claimant is disabled within the meaning of the SSA. *See Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002); *see also* 20 C.F.R. § 404.1520. "First, the claimant must not be presently working." *Copeland*, 771 F.3d at 923. Second, the "claimant must establish that [she] has an impairment or combination of impairments which significantly limit [her] physical or mental ability to do basic work activities." *Id.* Next, "a claimant must establish that [her] impairment meets or equals an impairment in the appendix to the regulations" and show "that [her] impairment prevents [her] from doing past relevant work." *Id.* If these four elements are met, "the burden shifts to the Secretary to establish that the claimant can perform the relevant work. If the Secretary meets this burden, the claimant must then prove that [she] cannot in fact perform the work suggested." *Id.*; *Waters*, 276 F.3d at 718; *see* 20 C.F.R. § 404.1520. "If at any step the Commissioner finds that the claimant is or is not disabled, the ALJ need not continue the analysis." *Copeland*, 771 F.3d at 923 (citing *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995)).

number of a cashier at the sedentary is 211.482-010. That's part of a cashier category. In the state of Louisiana, you're looking at 10,800 occupations. National economy, 660,000. A second group of occupations would be receptionist and information clerk. And the DOT number for this one – an information clerk, information clerk, excuse me – 237.367-022. And these are all sedentary, semi-skilled occupations. State of Louisiana has 1,900 occupations. National economy, 142,000. And . . . interviewing clerk. It's sedentary, SVP 4. This is an outpatient admin clerk. 205.362-030. And in the state of Louisiana, an estimate [sic] number of 490 occupations. National economy, 73,000.

Regarding the first four steps of the process, the ALJ found that Prudhomme:  (1) "has not engaged in substantial gainful activity since February 2, 2010;" (2) has the severe impairments of "severe cardiomyopathy and diabetes mellitus;" (3) "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1;" and (4) "has the residual functional capacity to perform sedentary work . . . with the additional nonexertional limitations of occasional balancing, stooping, kneeling, crouching, and crawling, less than occasional climbing ramps and stairs, no climbing of ladders, ropes or scaffolds, avoiding all exposure to fumes, odors, dust, and gases, and avoiding concentrated exposure to temperature extremes, wetness, humidity and vibration," and is "unable to perform any past relevant work."

At step five, however, the ALJ concluded that "there are jobs that exist in significant numbers in the national economy that the claimant can perform" and found the transferability of job skills immaterial to the determination of disability. Accordingly, the ALJ found Prudhomme not to be disabled at step five.

No. 14-30955

Thereafter, the Appeals Council denied Prudhomme's request for review, and the ALJ's ruling became the final decision of the Commissioner. Prudhomme sought judicial review, complaining that the ALJ posed a defective hypothetical question to the VE, the VE gave defective step five testimony, and the ALJ failed to comply with SSR 00-4p.

The district court rejected Prudhomme's arguments and affirmed the ALJ's decision.[2] The magistrate judge stated that the ALJ's finding that the transferability of job skills was immaterial to the disability determination meant that "the ALJ found that Prudhomme is effectively unskilled." The magistrate judge noted that "the VE identified three semi-skilled jobs for Prudhomme, despite the fact that the ALJ found she was effectively unskilled."[3] Nonetheless, the magistrate judge recommended affirmance, holding that substantial evidence supported the Commissioner's finding that Prudhomme is not disabled because "the job of sedentary cashier is listed as unskilled work, as well as semi-skilled, so Prudhomme should be able to do that work" and because "Prudhomme's prior work as a cashier afforded her the skills necessary to perform work as a sedentary cashier." Prudhomme timely appealed.

**II.**

"Our review of Social Security disability cases 'is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard.'" *Copeland*, 771 F.3d at 923 (quoting *Perez v. Barnhart*, 415

---

[2] A United States magistrate judge issued a report recommending that the Commissioner's decision be affirmed by the district court, which the district court adopted on June 16, 2014.

[3] The magistrate judge stated that this finding was error but that Prudhomme was not prejudiced by the error.

F.3d 457, 461 (5th Cir. 2005)).  Substantial evidence is "more than a mere scintilla and less than a preponderance," and it refers to "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Perez*, 415 F.3d at 461 (citation and internal quotation marks omitted).  This court "may not reweigh the evidence or substitute [our] judgment for the Commissioner's."  *Id.* (internal citation omitted).  Rather, "[we] may affirm only on the grounds that the Commissioner stated for his decision."  *Copeland*, 771 F.3d at 923 (citing *Cole v. Barnhart*, 288 F.3d 149, 151 (5th Cir. 2002) (per curiam)).

As noted, only step five of the sequential analysis is at issue here.  Prudhomme asserts that because the ALJ essentially found her unskilled, he erroneously concluded that she could perform the semi-skilled jobs identified by the VE.  The Commissioner counters that any such error was harmless because "the totality of the evidence indicates Prudhomme could perform the semi-skilled jobs" and "the record supports a finding that Prudhomme was not disabled even if restricted to unskilled work."  We disagree.

Although it is not entirely clear that the ALJ specifically found Prudhomme to be unskilled, this appears to be his conclusion.  First, 20 C.F.R. § 404.1565(a) provides that "[i]f you cannot use your skills in other skilled or semi-skilled work, we will consider your work background the same as unskilled."  Second, this court has previously said that, at least "[i]n light of [the Secretary's] selection of Rule 202.10 to decide [a plaintiff's] case, the Secretary's finding of non-materiality apparently means that [the plaintiff] effectively was unskilled because his auto mechanic skills were not transferable."  *Albritton v. Sullivan*, 889 F.2d 640, 642 & n.1 (5th Cir. 1989) (citation omitted).  The ALJ determined that Prudhomme could not perform her past relevant work.  *See* SSR 82-41, 1982 WL 31389 (Jan. 1, 1982).

Thus, the question becomes whether the ALJ erred in finding Prudhomme capable of performing semi-skilled jobs. In this instance, the VE neither identified skills or semi-skills that Prudhomme possessed nor did he testify that she had skills or semi-skills that were transferable to other or alternate step five occupations. The Commissioner concedes as much, stating that "the VE did not articulate transferable skills," but asserts that the error was harmless. The court disagrees. The VE never explained how or why Prudhomme would be able to perform the suggested semi-skilled jobs as an unskilled claimant, and the issue of transferability of skills was not discussed. *See Rice v. Astrue*, 609 F.3d 831, 833 (5th Cir. 2010) (stating in the facts section that the Commissioner acknowledged "error in the administrative process: the Commissioner had not proven that Rice had transferable skills needed to engage in the type of semi-skilled work available to her"); *Jeansonne v. Astrue*, No. CV07-1329-A, 2008 WL 2073996, at *12 (W.D. La. Apr. 25, 2008), (Mag. op.), *rec. adopted*, (W.D. La. May 13, 2008). Without such information in the record, there is not substantial evidence upon which to base the denial of benefits. *See G.C. v. Astrue*, No. 11-cv-1524, 2013 WL 701201, at *3 (W.D. La. Jan. 29, 2013) (Mag. op.), *rec. adopted*, 2013 WL 701171 (W.D. La. Feb. 26, 2013); *Jeansonne*, 2008 WL 2073996, at *11-12.

Additionally, during the hearing, the VE testified that Prudhomme would be able to perform "a variety of cashier positions that would be from the unskilled up to the semi-skilled occupational level at the sedentary level." Nonetheless, he listed only a specific DOT cashier job that is semi-skilled—DOT No. 211.482-010—and did not state the number of unskilled, sedentary cashier jobs that are available in the state or national economy. Moreover, it does not appear that the ALJ explicitly relied on the availability of an

unskilled cashier job to support his finding.  Indeed, neither the VE nor the ALJ listed a named and numbered, unskilled cashier position that existed in substantial numbers in the national economy.  *See Scott v. Shalala*, 30 F.3d 33, 35 (5th Cir. 1994) (reversing and remanding, stating that although the ALJ improperly "considered the [VE's] testimony given only the ALJ's vague and confusing reference to the testimony in his findings"); *G.C.*, 2013 WL 701201, at *3 (reversing and remanding upon concluding that the ALJ failed to rely on testimony from the VE that claimant could perform "unskilled jobs such as motel housekeeper and parking lot signaler"); *see also Cole*, 288 F.3d at 151 ("It is well-established that we may only affirm the Commissioner's decision on the grounds which he stated for doing so.").

Furthermore, it is unclear from the VE's testimony as well as the ALJ's decision whether the 10,800 and 660,000 numbers mentioned refer to semi-skilled, sedentary cashier jobs or to all sedentary cashier jobs.  Without an indication of what portion of those jobs is unskilled, it cannot be inferred that the unskilled cashier job exists in significant numbers in the national economy.  *See Quintanilla v. Astrue*, No. SA:11-CV-1040-DAE, 2013 WL 4046371, at *12 (W.D. Tex. Aug. 8, 2013) (finding that while the claimant could work as a sorter/grader, the record "does not indicate whether this particular job exists in significant numbers in the national economy").  In short, the ALJ's decision is not supported by substantial evidence in the record as a whole.  Further, because the record does not indicate whether sedentary, unskilled cashier jobs exist in significant numbers in the national economy, the court is unable to conclude in this instance that there is no realistic possibility that the ALJ would have reached a different result.[4]  *See*

---

[4] To the extent the Commissioner claims Prudhomme waived this issue, that argument is rejected, as Prudhomme raised the issue in her objections to the magistrate

No. 14-30955

*Ellis v. Astrue*, No. 11-2121, 2013 WL 595071, at \*4 (W.D. La. Jan. 17, 2013) (Mag. op.), *rec. adopted*, 2013 WL 596245 (W.D. La. Feb. 14, 2013). Accordingly, the error is not harmless.[5]

## III.

Consistent with the foregoing, the decision of the district court is REVERSED, and this case is REMANDED for further administrative proceedings.

---

judge's report and recommendation. *See Armstrong v. Massanari*, No. 00-31479, 2001 WL 1068137, at \*1 n.\*\* (5th Cir. 2001) (per curiam) (unpublished).

[5] Because the ALJ's decision is not supported by substantial evidence in the record and the error is not harmless, Prudhomme's remaining grounds for reversal need not be addressed.