# United States Court of Appeals
# for the Fifth Circuit

---

No. 20-30025
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 17, 2020

Lyle W. Cayce
Clerk

---

Teresa P. Britton,

*Plaintiff—Appellant*,

*versus*

Andrew M. Saul, Commissioner of Social Security,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:18-CV-1523

---

Before Davis, Stewart, and Dennis, *Circuit Judges*.

Per Curiam:*

Plaintiff-Appellant Teresa P. Britton is seeking judicial review of Defendant-Appellee Commissioner of the Social Security Administration's (SSA) decision denying her application for disability insurance benefits.  The

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-30025

district court adopted the magistrate court's report and recommendation that affirmed the Commissioner's decision.

Seeing no reversible error, we affirm the district court's judgment.

I.

At the time of her claimed disability onset, January 2, 2016, Britton was 58. Britton completed the 12th grade and worked for 20 years at J.C. Penney's as a retail sales clerk. In Britton's request for Title II disability insurance benefits (DIB), she cited arthritis, diabetes, and headaches, in addition to head, neck, back, and knee injuries. The Commissioner denied her application. She then requested and received an administrative hearing.

The hearing was held before an Administrative Law Judge ("ALJ") on August 23, 2017. Britton appeared at the hearing and testified with the assistance of an attorney. A vocational expert ("VE") was also present and testified as an expert witness. Britton testified that she is unable to work due to her knee giving out and back pain. She also stated that at times she uses a cane, prescribed by "Dr. Brown" (hereinafter, "APRN Brown").[1] The VE testified that someone with Britton's background could perform Britton's past relevant work as a retail sales clerk.

In December 2017, upon reviewing her claim under step four of the sequential five-step analysis,[2] the ALJ found that Britton suffered from

---

[1] In referencing "Dr. Brown," the record reflects that Britton was referring to Michael Brown, a nurse practitioner.

[2] *See*, *e.g.*, *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005) ("The ALJ uses a five-step sequential analysis to evaluate claims of disability: (1) whether the claimant is currently engaged in substantial gainful activity (whether the claimant is working); (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals the severity of an impairment listed in 20 C.F.R., Part 404, Subpart [P], Appendix 1; (4) whether the impairment prevents the claimant from doing past relevant

severe impairments of lumbar and cervical disc disease, osteoarthritis, and diabetes. Even with the impairments at issue, the ALJ determined that Britton still retained enough residual functional capacity ("RFC") to perform light work as a retail sales clerk, "except she can occasionally kneel, stoop, crouch, and crawl, but never climb ramps, stairs, ladders, ropes or scaffolds." Relying upon her RFC assessment and the VE's testimony, and considering Britton's age, 12th grade education, and work experience, the ALJ ruled that (as part of the stage four analysis) Britton was able to return to work and perform her past relevant duties as a retail sales clerk. This ruling effectively affirmed the Commissioner's denial of Britton's DIB benefits.

Britton sought review before the district court in the Western District of Louisiana. The matter was then referred to the magistrate court who issued a thorough report and recommendation concluding that the ALJ decision was supported by substantial evidence and free of legal error. The district court reviewed and adopted the magistrate judge's report and recommendation and entered a judgment affirming the Commissioner's decision.

Having exhausted all administrative and lower court remedies available to her, Britton filed this appeal before us. She raises four issues with regards to the administrative determination: (1) the ALJ's RFC finding was not supported by substantial evidence; (2) the ALJ failed to credit the advanced practice registered nurse's opinion; (3) the ALJ failed to properly evaluate Britton's subjective complaints; and (4) ALJ's finding that Britton can return to her past relevant work as a sales clerk is not supported by substantial evidence.

---

work (whether the claimant can return to his old job); and (5) whether the impairment prevents the claimant from doing any other work.").

## II.

Judicial review of the Commissioner's denial of disability insurance benefits "is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard." *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)).  Substantial evidence is "more than a mere scintilla and less than a preponderance." *Perez*, 415 F.3d at 461 (internal quotation marks omitted).  It refers to "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted).

It is the role of the Commissioner, and not the courts, to resolve conflicts in the evidence. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). As a result, this court "cannot reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision." *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).  If we conclude that the ALJ applied the correct legal standard and substantial evidence supports the ALJ's decision, we are to affirm the Commissioner's decision.  *See Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001).

## III.

In order to qualify for DIB, a claimant must suffer from a disability which is defined under 42 U.S.C. § 423(d)(1)(A).  The Commissioner uses a sequential, five-step approach to determine whether a claimant is disabled. *See Perez*, 415 F.3d at 461.  Notably, "the claimant bears the burden of proof with respect to the first four steps of the analysis . . . ." *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002).  We now examine each of Britton's arguments below.

*Issue One*: Britton contends that the ALJ's RFC finding is not supported by substantial evidence. While the ALJ concluded that she could essentially perform light work, Britton asserts that this assessment failed to address her standing and walking limitations. Particularly, her use of a cane and forthcoming knee surgery evinces her inability to perform light work. She further claims that the ALJ's ruling correctly reflects the existence of a knee impairment that impacts her ability to stand and walk, but then the ALJ erroneously draws a conclusion (without the appropriate reasoning) that Britton has the ability to perform sustained work activities. Thus, according to Britton, the ALJ committed reversible error in reaching this conclusion.

In assessing Britton's RFC, the ALJ found that she was capable of performing light work with certain limitations. Light work, as defined by the regulations, "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b). A job constitutes light work when "it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." *Id.*

We find no error in the RFC characterization because the ALJ relied on the substantial evidence to support this conclusion. Indeed, the ALJ considered all of the relevant evidence including but not limited to: (1) Dr. Michael E. Ehrlich's 2015 and 2016 examinations; (2) opinions and statements of APRN Brown; (3) the rehabilitation report from the physical therapist, Jesse Weid; (4) Dr. William Varnado's April 2016 consultative examination report stating that Britton could get up and out of the chair without difficulty, that her cane is not medically required, and that she could lift objects continuously; (5) the state agency non-examining physician's, Dr. Craig Billinghurst, opinion that Britton had the ability to stand and/or walk for a total of six hours in an eight-hour workday, with no postural limitations; (6) the VE testimony that Britton's RFC could perform her past relevant

No. 20-30025

work as a retail sales clerk; and (7) 2016 and 2017 treatment records from orthopedic specialist Richard L. Ballard stating that Britton's right knee was instable and was improving but would need to undertake operative knee surgery in the future.

Considering the record as a whole, any walking or standing limitations were encompassed in the opinions and impressions above, and in assessing this medical record, it was the ALJ's responsibility to "choose whichever physician's diagnosis is most supported by the record." *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991). We see no issue with the ALJ giving greater weight to the evaluations of Dr. Varnado and Dr. Billinghurst over APRN Brown's assessment (for example) because "the ALJ was justified in accepting the testimony and findings of some over others." *Pineda v. Astrue*, 289 F. App'x 710, 713 (5th Cir. 2008) (per curiam) (unpublished). The ALJ was also warranted in crediting Dr. Ehrlich's examination to find that despite her intermittent use of a cane, Britton's use of this device was not an essential element of her functioning. These opinions as well as others in this record are credible and could reasonably support the ALJ's RFC determination that Britton could perform her past relevant work. As such, in reviewing the medical evidence and testimony, substantial evidence supports the ALJ's RFC conclusion that Britton has the ability to perform light exertion consistent with the definition of light work.

Thus, we find no reversible err with the ALJ's RFC finding.

*Issue Two*: Britton's next contention is in reference to the ALJ assigning little weight to opinions and statements of APRN Brown. According to Britton, ALJ's basis for not crediting APRN Brown's impressions is not supported by substantial evidence. Britton maintains that the ALJ failed to give sufficient weight to APRN Brown's assessment of Britton's functional limitations because APRN Brown is a nurse practitioner.

No. 20-30025

Under 20 C.F.R. § 404.1502(a)(7), a nurse practitioner, like APRN Brown, is an "acceptable medical source" only with respect to claims filed on or after March 27, 2017.

The Commissioner is to give substantial weight to the "opinions, diagnoses, and medical evidence of a treating physician who is familiar with the claimant's injuries, treatments, and responses." *Myers v. Apfel*, 238 F.3d 617, 621 (5th Cir. 2001). Nonetheless, the ultimate responsibility for determining a claimant's disability status lies with the ALJ. *See Moore v. Sullivan*, 919 F.2d 901, 905 (5th Cir. 1990).

Here, because Britton's DIB claim was filed before March 27, 2017, APRN Brown's assessments and opinions are not considered accepted medical sources under 20 C.F.R. § 404.1502(a)(7). In turn, it is well within the ALJ's discretion to not afford APRN Brown's opinions and statements the same level of deference as acceptable medical sources. *See* 20 C.F.R. § 404.1527(f)(2) (explaining the "articulation" requirement for the weight given to opinions from sources who are not "acceptable" medical sources); *cf. Greigo v. Sullivan*, 940 F.2d 942, 945 (5th Cir. 1991) (noting that under applicable regulations, chiropractors are given less weight compared to other medical sources such as medical doctors).

Consequently, we see no error in the ALJ's credibility and weight determination of APRN Brown.

*Issue Three*: Britton argues that the ALJ discounted her subjective complaints solely based on her activities of daily living and that this was insufficient.

Under 20 C.F.R. § 404.15429, in evaluating the claimant's symptoms and pain, the ALJ must consider "all of the available evidence, including [the claimant's] medical history, the medical signs and laboratory findings, and statements about how [the] symptoms affect" the claimant. The ALJ "is

entitled to determine the credibility of medical experts as well as lay witnesses and weigh their opinions accordingly." *Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985).

Here, in making her credibility determination, the ALJ carefully weighed Britton's medical evidence and her hearing testimony regarding her daily activities. Specifically, the ALJ found that the April 2016 findings of the consultative examiner, Dr. Varnado, were inconsistent with Britton's February 2016 Function Report and 2017 hearing testimony. In Dr. Varnado's April 2016 findings, Britton stated that she was unable to do dishes, cook, or go shopping for groceries. Yet, in the February 2016 Function Report, she stated that she danced and exercised every day, had the ability to grocery shop, prepare meals, and do household chores, such as laundry and cleaning. At the 2017 hearing, Britton testified that she couldn't work because of her knee giving out but still maintained "the ability to perform daily activities, including washing dishes, cook, grocery shop, and do her laundry" and "could perform personal care needs and drive a car." As such, the ALJ clearly considered and accounted for Britton's statements about her pain and its limiting effects but did not find the medical and other evidence to be consistent with her statements about the intensity, duration and restrictive effect of the pain professed to Dr. Varnado. We must accord "great deference" to the ALJ's evaluation of the record and assessment of Britton's credibility. *See Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir. 2000).

Accordingly, we see no reversible error as it relates to the ALJ's application of these legal standards and discerning an inconsistency based on substantial evidence.

*Issue Four*: Lastly, Britton challenges the ALJ's finding at step four that Britton was not disabled because she was able to perform her past relevant work as a retail sales clerk.

A claimant may retain the capacity to perform her past relevant work either "as he or she actually performed it" or "as ordinarily required by employers throughout the national economy." Social Security Ruling 82-62, Titles II and XVI: A Disability Claimant's Capacity to Do Past Relevant Work, in General, 1982 WL 31386, at *1–*2 (Jan. 1, 1982)

Here, we find that the ALJ's determinations are likewise amply supported by substantial evidence. The evidence discussed above— including the VE's and Britton's hearing testimony and the medical evidence—are sufficient to support the ALJ's finding that Britton is able to perform relevant work as a retail store clerk. Therefore, the ALJ's decision denying Britton disability benefits was supported by substantial evidence in the record as a whole.

## IV.

For the foregoing reasons, the judgment of the district court is AFFIRMED.